TRINA A. HIGGINS, United States Attorney (#7349)
BRIAN WILLIAMS, Assistant United States Attorney (#10779)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

_____

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHELVIE GOODWIN, <br><br> Defendant. | Case No. 2:23-cr-00445-DAK <br><br> **UNITED STATES' POSITION REGARDING DETENTION** <br><br><br> Judge Dale Kimball <br> Magistrate Judge Bennett |

☒ **The United States is not seeking detention. But the United States is seeking some conditions of pretrial release.**

☒ Based on the defendant's record and history, release on personal recognizance pursuant to 18 U.S.C. § 3142(b) will not reasonably assure the defendant's appearance and will endanger the safety of the community. Therefore, the United States requests a hearing on pretrial release conditions pursuant to 18 U.S.C. § 3142(c).

## Charges

Shelvie Goodwin is charged with six counts of Wire Fraud, in violation of 18 U.S.C. § 1343, and four counts of Money Laundering is violation of 18 U.S.C. § 1957.

## Brief Summary of Factual Allegations in Support of Charges

This is a COVID-fraud case involving an individual who lied about various aspects of his business, including the number of employees and the amount he paid in payroll, to

fraudulently obtain Paycheck Protection Program ("PPP") loans during the COVID pandemic. Shelvie Goodwin does not have any significant prior criminal history. However, from on or about February 2021 to April 2021, she fraudulently obtained a total of approximately $648,457.00 in PPP loans. She obtained the money by lying on her loan applications about her two businesses- International PNR and Kodiak Mining. Goodwin then later applied for forgiveness the three the loans, repeating the same misrepresentations she had made during the original application process. Goodwin also transferred the funds she had obtained into an account at another bank, made personal purchases, and repaid old debts with the funds. She then spent the funds had obtained out of this separate account, and did not use them for the purpose for which a PPP loan was designed. There is little to no evidence that any of the funds were spent on payroll as the PPP program required.

Had Goodwin honestly and accurately reported the state of her businesses at the time of this applications, she would have been denied the loans.

This brings the United States' total loss from Goodwin's wire fraud and money laundering to approximately $648,457.00.

**The United States is seeking conditions of release to manage both Godwin's flight risk and the potential danger he poses to the community.**

The United States takes COVID-fraud charges seriously.

Given her limited criminal history however, Goodwin does not appear to be an unmanageable risk to the public if he remains out of custody pending trial. *See* 18 U.S.C. §§ 3142(b) and 3142(d)(2) (authorizing release on personal recognizance unless the court determines that such release will not reasonably assure the appearance of the defendant as required or will endanger the safety of the community or another person).

Nor does Goodwin appear to pose an unmanageable flight risk. *See* 18 U.S.C. §§ 3142(b) and 3142(d)(2). Goodwin has long-time ties to the community. However, she does engage in a significant amount of international travel, so the seizure of her passport is of significant importance. Absent any acceptance of responsibility, Goodwin is facing a significant potential sentence under the Guidelines. The United States calculates his Guideline range as **46-57 months** of imprisonment. The length of his potential sentence (approximately 4 to 4.5 years in prison) thus increases her risk of flight and requires, at a minimum, appropriate conditions to reasonably assure her appearance as required going forward.

**Therefore, under the circumstances, the United States believes Goodwin should be subject to certain conditions of pretrial release to ensure that she does not flee and that she does not pose any continued danger to the public. So long as**

**appropriate conditions of release are imposed, the United States will not seek pretrial detention for Goodwin. Instead, the United States will request that the Court order:**

1. Goodwin to turn over her passport and agree to report monthly to a pretrial services officer from this district. 18 U.S.C. §§ 3142(a)(2) and (c)(1)(B)(iv), (vi), and (xiv).

2. Goodwin to not commit a Federal, State, or local crime. 18 U.S.C. § 3142(c)(1)(A);

3. Goodwin to refrain from possessing a firearm, destructive device, or other dangerous weapon. 18 U.S.C. § 3142(c)(1)(B)(viii);

4. Goodwin to not leave the State of Utah without prior approval from her pretrial services officer and to not leave the United States without prior approval from the Court. 18 U.S.C. § 3142(c)(1)(B)(iv);

5. Goodwin to maintain her current address and not to change her address without prior approval from her pretrial services officer. 18 U.S.C. § 3142(c)(1)(B)(iv);

6. Goodwin to maintain or actively seek employment. 18 U.S.C. § 3142(c)(1)(A), (c)(1)(B)(ii);

7. Goodwin to have no contact with any victims or witnesses in this case. (The United States will supply a list to defense counsel of the persons not to be contacted.) 18 U.S.C. § 3142(c)(1)(B)(v); and

8. Goodwin to not apply for any loans on behalf of herself or anyone else without preapproval from her pretrial services officer. 18 U.S.C. § 3142(c)(1)(B)(xiv).

*********

☐ Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast-track program, which includes agreeing to detention for the pendency of this case.

☐ The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☐ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:
- ☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
- ☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**
- ☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
- ☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
- ☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

        **OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:
- ☐ **(A)** a serious risk the defendant will flee; **or**
- ☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**<u>Procedure</u>**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

# Rebuttable Presumption

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

# Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the imposition of conditions of release on the defendant of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including: **The defendant faces a significant prison sentence (46-57 months' imprisonment) which increases his risk of flight. Therefore, the United States believes that Mascaro should be required to surrender his passport and should be ordered to submit to location monitoring as deemed appropriate by probation.**

# Victim Notification

- ☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.
    The position of the victim(s) on the detention of the defendant is:
    - ☐ The victim(s) in this matter seek(s) a no contact order.
- ☒ This matter does not involve a victim requiring notification.

DATED this 29th day of December, 2023.

TRINA A. HIGGINS
United States Attorney

*Brian Williams*
Brian Williams
Assistant United States Attorney