IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:23-CR-00445-DAK |
| Plaintiff, | : | |
| | | PROTECTIVE ORDER |
| v. | : | |
| SHELVIE GOODWIN, | : | |
| Defendant. | : | |

The Court, having considered the Motion for a Protective Order, and good cause appearing, finds that a protective order is necessary and appropriate in this case to prevent harmful disclosure of the personal identifying information of various individuals, while still preserving the defendant's right to a fair trial and meaningful discovery. Pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(l), it is hereby ordered:

1. The United States is hereby ordered to provide to the defendant's attorneys with copies of discovery in this matter, including bank records, and other documents that contain the personal identifying information of the defendant and third parties.

2. The documents produced to the defendant's attorneys shall not be disclosed or made available for inspection or copying to any person, other than as permitted in Paragraph 3.

3. Documents provided to the defendant's attorneys pursuant to this order may be

further disclosed to the following people: (a) counsel for the defendant; (b) associates, secretaries, paralegals, private investigators, forensic accountants and other employees or independent contractors of such attorney to the extent necessary to render professional services in this criminal prosecution; (c) court officials involved in this case; and (d) the defendant. If the defendant is in custody, then he can only review documents covered under this order while supervised by counsel.

4. Persons obtaining access to the documents produced pursuant to this order shall use the information only for the preparation and conduct of this criminal trial and any connected criminal hearings or appeals.

5. Defendant, defense counsel, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with United States and defense witnesses.

6. Defendant, defense counsel, and all other individuals or entities who receive materials in this case shall maintain all materials received from the United States in a manner consistent with the terms of this protective order. Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files or folders marked "UNDER PROTECTIVE ORDER- DO NOT DISCLOSE." Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner. The

defendant shall not be permitted to keep or retain documents while in custody.

7. Defendant and defense counsel are required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in preparation of trial in this case. A knowing and willful violation of this protective order by the defendant, defense counsel, or others may result in contempt of court proceeding or other civil or criminal sanctions.

8. No one associated with the defense in this matter may copy or reproduce the discovery material produced by the United States unless the material is copied or reproduced for authorized persons to assist in the defense, and in the event copies are made, the copies shall be treated in the same manner as the original material.

9. Within 90 days of the conclusion of this case, all documents produced pursuant to this order, and all copies thereof (other than exhibits of the court) shall be returned to the United States Attorney's Office. Alternatively, counsel for the defendant may inform the United States Attorney's Office in writing that all such copies have been destroyed.

10. Defense counsel is responsible for employing reasonable measures to control duplication of, and access to, the discovery documents.

11. The provisions of this order governing disclosure and use of the documents shall not terminate at the conclusion of this criminal prosecution.

DATED this _____ day of _____, 2024.

BY THE COURT:

_____
United States Magistrate Judge